# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM J. SOMERS,**
Plaintiff,

Case No. _____ **26-C 155**

**ROBERT SCHOTZKO,**
**ROB EISENTROUT,**
JOHN/JANE DOES 1–10,
Defendants.

## COMPLAINT

(Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions and seeks redress for the deprivation of rights secured by the Constitution.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over related state-law claims that form part of the same case or controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District and the defendants reside or acted within this

1

District.

## II. RELATED CASE

5. Plaintiff has a pending federal civil rights action currently before this Court, **Case No. 26-C0028**, brought against the West Bend Police Department, the City of West Bend, and Washington County.

6. The retaliatory conduct alleged in this Complaint occurred **because Plaintiff filed and pursued that federal lawsuit** and constitutes a continuation and escalation of the same constitutional violations.

## III. PARTIES

7. Plaintiff William Somers is an adult resident of the State of Wisconsin.

8. Defendant Robert Schotzko is an employee of Washington County and the father of a West Bend Police Department officer. He acted individually and in concert with others to retaliate against Plaintiff.

9. Defendant Rob Eisentrout is a private individual who represented to Plaintiff that he maintained personal relationships with command staff of the West Bend Police Department and who participated in retaliatory conduct.

10. Defendants John and Jane Does 1 through 10 are individuals whose identities are presently unknown but who participated in, directed, approved, or facilitated the retaliatory actions described herein.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff began working at Silgan on **August 24, 2025** as a temporary employee through a staffing agency.

12. Plaintiff was converted to a permanent Silgan employee effective **November 3, 2025**, in the position of Maintenance Technician.

13. After several weeks of employment, Plaintiff observed Defendant Schotzko pointing Plaintiff out to Defendant Eisentrout and others while speaking in a manner that caused an immediate and lasting change in Plaintiff's treatment at work.

14. Immediately following this incident, Plaintiff was isolated, denied training, denied assistance, and denied access to systems and tools required to perform his job.

15. Plaintiff repeatedly requested assistance from supervisors, which was ignored or dismissed, despite Plaintiff being a new employee still in training.

16. Plaintiff reported Defendant Schotzko's workplace conduct to Human Resources and also spoke with a detective from the West Bend Police Department, who stated that he had spoken with the involved parties.

17. The same day Plaintiff was informed of that police contact, Defendant Schotzko resumed the conduct.

18. On **January 5, 2026**, Plaintiff informed Human Resources and management that he had filed a federal civil rights lawsuit against the West Bend Police Department, the City of West Bend, and Washington County, and that he expected retaliation.

19. On **January 7, 2026**, an internal information-technology help desk ticket was opened

3

documenting that Plaintiff still had "No Access" to required employment systems.

20. Plaintiff's termination letter was dated **January 12, 2026**, although Plaintiff was not terminated on that date.

21. On **January 14, 2026**, Plaintiff was issued a "Documented Verbal Warning" alleging "failure to report injury." The warning did not identify any specific incident, date, witnesses, costs, or supporting facts, and provided only a generic corrective instruction. At the time the warning was issued, Plaintiff had already disclosed his pending federal lawsuit, and Plaintiff's termination letter had already been dated.

22. Plaintiff was terminated on **January 19, 2026**, the next scheduled workday, with management stating that they "wanted to go a different direction."

23. The close temporal proximity between Plaintiff's protected activity and his termination, combined with Defendants' knowledge, relationships, and conduct, supports a reasonable inference of retaliation.

## V. CLAIMS FOR RELIEF

### COUNT I
### First Amendment Retaliation
*(42 U.S.C. § 1983)*

24. Plaintiff engaged in protected activity by filing and pursuing a federal civil rights lawsuit.

25. Defendants had knowledge of Plaintiff's protected activity.

26. Defendants took adverse action against Plaintiff by causing and facilitating the termination of his employment.

4

27. Defendants' actions were substantially motivated by retaliation for Plaintiff's exercise of his First Amendment right to petition the courts.

28. Plaintiff suffered economic loss, emotional distress, and other damages as a direct and proximate result.

## COUNT II

**Civil Conspiracy to Retaliate**
*(42 U.S.C. § 1983)*

29. Defendants reached an understanding and agreement to retaliate against Plaintiff for filing a federal lawsuit.

30. Defendants committed overt acts in furtherance of the conspiracy, including interference with Plaintiff's employment and coordination with individuals connected to law enforcement.

31. Plaintiff was injured as a direct and proximate result of the conspiracy.

## VI. DAMAGES AND RELIEF

Plaintiff seeks:

a. Compensatory damages;

b. Punitive damages against individual defendants;

c. Declaratory relief;

d. Injunctive relief prohibiting further retaliation or interference;

e. Costs and attorney's fees pursuant to 42 U.S.C. § 1988;

f. Such other relief as the Court deems just and proper.

5

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

William J. Somers
704 S Indiana Ave #8
West Bend WI 53095
262.323.3984
Plaintiff, Pro Se

**Date: January 29, 2026**