UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM JOSEPH SOMERS,

        Plaintiff,

   v.

                          Case No. 26-cv-0155-bhl

ROBERT SCHOTZKO, ROB EISENTROUT and
JOHN/JANE DOES 1/10,

        Defendants.

## SCREENING ORDER

On January 29, 2026, Plaintiff William Joseph Somers, proceeding without an attorney, filed this lawsuit against Defendants Robert Schotzko, Rob Eisentrout, and ten unidentified John or Jane Does. (ECF No. 1.) Somers has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Somers's IFP motion and for the screening of his complaint.[1]

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Somers reports that he has no monthly income and limited assets, including two vehicles (one of which has serious damage) and $623.56 in cash, checking, or savings. (*Id.* at 1–2.) He owes a $5,000 judgment for attorneys' fees related to issues involving his claim, $1,500 in unpaid rent, $900 in credit card bills, and $3,000 in student loans. (*Id.* at 2.) He does not have any dependents and pays $865 per month in rent, $250 per month for heat, electricity, and internet, $1,200 per year to insure his two vehicles, and has extensive costs related to the care of his two small elderly dogs. (*Id.*) Based on these sworn assertions, the Court will grant his motion to proceed IFP.

---

[1] This case is the third of four that Somers filed within a month. *See Somers v. Welker*, 26-cv-0028-BHL, ECF No. 1 (Jan. 7, 2026); *Somers v. Western States Envelope & Label Inc.*, 26-cv-0058-BHL, ECF No. 1 (Jan. 13, 2026); *Somers v. Village of Menomonee Falls*, 26-cv-0182-BHL, ECF No. 1 (Feb. 3, 2026).

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue," or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Cf.* 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court may screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Somers is an adult resident of Wisconsin. (ECF No. 1 ¶7.) Defendant Robert Schotzko is an employee of Washington County. (*Id.* ¶8.) Schotzko is the father of a West Bend Police

Department officer. (*Id.*) Defendant Rob Eisentrout is a private individual. (*Id.* ¶9.) The unknown defendants "are individuals whose identities are presently unknown but who participated in, directed, approved, or facilitated the retaliatory actions described" in the complaint. (*Id.* ¶10.)

On August 24, 2025, Somers began working at Silgan. (*Id.* at ¶11.) After several weeks of employment, Somers noticed Schotzko pointing towards him while talking to Eisentrout and others. (*Id.* ¶13.) After this incident, Somers was isolated, denied training, denied assistance, and denied access to systems and tools required to perform his job. (*Id.* ¶¶14–15.) Somers reported Schotzko's conduct to Human Resources and to the West Bend Police Department. (*Id.* ¶16.) The West Bend Police Department provided that it spoke with the involved parties, and, that same day, Schotzko "resumed the conduct." (*Id.* ¶¶16–17.)

On January 5, 2026, Somers informed Human Resources that he had filed a civil lawsuit against the West Bend Police Department, the City of West Bend, and Washington County and that "he expected retaliation." (*Id.* ¶18.) On January 7, 2026, Somers still had "No Access" to the employment systems. (*Id.* ¶19.) On January 14, 2026, Somers was issued a vague "Documented Verbal Warning" alleging a "failure to report injury," and on January 19, 2026, Somers was terminated, because management "wanted to go a different direction." (*Id.* ¶¶21–22.)

## ANALYSIS

Based on his factual allegations, Somers invokes 42 U.S.C. §1983 to assert claims for First Amendment retaliation and civil conspiracy against Schotzko, Eisentrout, and ten unidentified John or Jane Does. (ECF No. 1 ¶¶24–31.) Because Somers's allegations are insufficient to support federal claims, his complaint will be dismissed.

To state claims under Section 1983, Somers must identify a person or persons acting under color of law who violated his federal rights. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). To state a First Amendment retaliation claim, Somers must allege facts sufficient to allow the Court to infer that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation at the hands of a state actor that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take retaliatory action. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (citations omitted).

Under Somers's theory, he was terminated from Silgan for suing the West Bend Police Department. (ECF No. 1 ¶¶24–28.) He seeks to hold Schotzko, Eisentrout, and ten unidentified

John or Jane Doe defendants liable for First Amendment retaliation. (*Id.*) But his claim fails for several reasons. First, Somers cannot pursue a First Amendment retaliation claim against Eisentrout, because Eisentrout is a private citizen and not a state actor. *See Case*, 327 F.3d at 566. Second, although Somers names a number of unidentified John and Jane Doe Defendants, he does not allege facts suggesting that any of the unknown defendants are state actors. Accordingly, Somers has failed to state a First Amendment retaliation claim against any of these defendants.

Somers's claim against Schotzko must also be dismissed. While Somers alleges that Schotzko is a state employee,[2] (ECF No. 1 ¶8), it is well settled that a "mere assertion that one is a state [employee] does not necessarily mean that one acts under color of state law," *DiDonato v. Panatera*, 24 F.4th 1156, 1160 (7th Cir. 2022) (quoting *Gibson v. City of Chicago*, 910 F.3d 1510, 1516 (7th Cir. 1990)). Whether an individual is acting under color of state law depends on the nature of the specific acts the official performed. *Id.* (citing *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995)). This is because public officials "are also private citizens with their own constitutional rights." *Lindke v. Freed*, 601 U.S. 187, 196 (2024). Somers does not allege facts plausibly suggesting that Schotzko's statements to others were in any way related to his role as a Washington County-employee rather than as a private citizen. If anything, Somers's allegations create the inference that this is a private grievance between Schotzko and Somers. To survive screening, Somers must allege that Schotzko's actions "involved some inappropriate invocation or exercise of state authority[.]" *See DiDonato*, 24 F.4th at 1160. He has not made such an allegation. Moreover, Somers alleges that Silgan management terminated his employment, not Schotzko, whose role at Silgan is unclear. (ECF No. 1 ¶¶8, 16, 22.) Silgan and its managers are not defendants, and, as private citizens, are not subject to claims for First Amendment retaliation. *See Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 420 (7th Cir. 1988) ("The First Amendment retaliation concept applies only to public employment, since private employers are not subject to the amendment."). Accordingly, Somers's First Amendment retaliation claim fails and will be dismissed.

To plead a civil conspiracy under Section 1983, Somers must allege a conspiracy and a discrete act that furthered the conspiracy. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th

---

[2] Although Somers alleges that Schotzko is a state employee, other allegations undercut this contention. Somers indicates that Schotzko works for Silgan, which would make him the employee of a private company, not a governmental entity. (*See* ECF No. 1 ¶16 ("Plaintiff reported Defendant Schotzko's *workplace conduct* to [Silgan] Human Resources.") (emphasis added).)

Cir. 2012). But, in Section 1983 actions, conspiracy is not an independent basis of liability. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Because Somers's First Amendment retaliation claim fails, his civil conspiracy claim similarly fails.

Because Somers's complaint does not state any cognizable federal claims against Defendants, the Court will dismiss this case. Before dismissing the case with prejudice, the Court will give Somers a chance to amend his pleading to fix the problems identified in this Order. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022). Accordingly, if Somers believes he can cure the deficiencies identified in this decision, he must file an amended complaint within thirty (30) days. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede his prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Somers does not file an amended complaint by the deadline, his case will be dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Somers's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED IT IS FURTHER ORDERED** that Somers's Complaint, ECF No. 1, is **DISMISSED.** If Somers wishes to proceed with this lawsuit, he must file an amended complaint on or before **March 20, 2026**. If the Court does not receive Somers's amended complaint by that date, the case will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on February 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge